JAMES D. McCAULEY, Plaintiff, v. OBCANSKA ZALOZNA V. KARLINE, Defendant.*

Supreme Court, New York County, December 14, 1930.

*White & Case* [*Chester Bordeau* of counsel], for the plaintiff.

*Katz & Sommerich* [*Otto C. Sommerich* and *Saul I. Radin* of counsel], for the defendant.

BLACK, J. The defendant's contention that the warrant of attachment authorizes and directs the sheriff to attach the sum of

* Affd., 232 App. Div. ——.

$52,000 only, and without interest thereon, as claimed in the complaint, entirely disregards the true substance and clear import of the process, is without merit and cannot be approved. The process commands the sheriff " to attach and safely keep so much of the property within your county which the defendant Obcanska Zalozna V. Karline has or which it may have at any time before final judgment in the action as will satisfy $52,000 of plaintiff's demand of $119,116.49, *and interest, together with the costs and expenses, and that you proceed hereon in the manner required of you by law.*" (Italics by the court.) The clear meaning and true substance remains the same were the process to read " as will satisfy $52,000 (part) of plaintiff's demand of $119,116.49 and interest (on said $52,000), together with the costs and expenses." I consider and hold that the process clearly requires the attachment of property sufficient to satisfy plaintiff's demand to the extent of $52,000, with interest thereon, as claimed in the complaint, together with the sheriff's costs and expenses. It should be noted that the absence from the warrant of attachment of the phrase " together with the [sheriff's] costs and expenses " would not relieve the sheriff of his duty to attach sufficient property, if available, to cover same. This phrase is surplusage and a mere recitation of the statute law embraced in section 912 of the Civil Practice Act. Likewise, the absence from the warrant of the phrase " and interest " would not abrogate or repeal the statute law as contained in section 480 of the Civil Practice Act, as now amended, which provides that in every action based on contract demanding a money judgment " interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded." Assume, which is contrary to the fact in the case at bar, that the warrant entirely omitted any reference to " with interest " or " and interest," nevertheless, the statute law as provided in section 480 of the Civil Practice Act, which prescribes that " interest shall be recovered upon the principal sum " (which, of course, necessarily includes any part or portion thereof), remains in full force and effect and must be obeyed by a sheriff who is proceeding, we will assume, under a warrant of attachment which reads only to attach sufficient property " *as will satisfy $52,000 of plaintiff's demand,*" because section 480 of the Civil Practice Act prescribes that " interest shall be recovered upon the principal sum," which necessarily includes interest on any part or portion thereof. Further, all warrants of attachment, as does the warrant in the case at bar, conclude with the command to the sheriff " that you proceed hereon in the manner required of you by law." Section 912 of the Civil Practice Act requires the sheriff to collect his costs

and expenses and section 480 of the Civil Practice Act requires that he attach sufficient property to cover the sum named in the warrant to provide for the claimed interest thereon. If the present security be deemed insufficient, the defendant has an adequate remedy under section 948 of the Civil Practice Act. Motion denied. Order signed.